LAW OFFICES OF
BARRY E. JANAY

Please reply to NJ Office:

The Law Office of Barry E. Janay, P.C.
354 Eisenhower Parkway., Ste. 1250
844-562-3572
Livingston, NJ 07039
Email info@lobej.com

July 29, 2026

**VIA ECF**
Clerk of the United States Bankruptcy Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102
Attn: Case Administrator

**Re: In re Blue Draft Corporation, Case No. 26-19010-SLM (Chapter 11, Subchapter V)**
Response to Notice Directing Verification of the County of the Debtor's Principal Place of Business

Dear Sir or Madam:

This firm represents Blue Draft Corporation, the debtor and debtor-in-possession in the above-captioned case. We write in response to the Court's notice dated August 10, 2026, directing the Debtor to verify the county of its principal place of business. The Debtor is not presently able to verify the county. We write to explain why, to correct the record as it stands, and to request a short extension of time.

1. Item 4 of the Voluntary Petition as filed Docket No. 1 identifies the Debtor's principal place of business as 19 Rosemont Avenue, Madison, New Jersey 07940, and identifies the county as Atlantic County. Both entries are incorrect. 19 Rosemont Avenue is the residence of the Debtor's President, Wojciech Ostrowski, and is not the Debtor's principal place of business. Atlantic County bears no relationship to the Debtor; it is not, and has not been, the county of the Debtor's domicile, principal place of business, or principal assets, and its appearance in the Petition was a clerical error.

2. In the course of determining the correct entry, counsel identified four distinct addresses associated with the Debtor. The record is not yet consistent as to which is the Debtor's principal place of business:

   (a) 19 Rosemont Avenue, Madison, New Jersey 07940 — the residence of the Debtor's President, entered on the Petition in error as described above.

   (b) 381 Broadwell Avenue, Union, New Jersey 07083 — the address reported on the Debtor's federal and New York State corporate returns for tax years 2023, 2024 and 2025. On each of those returns the address is reported both as the return address and, in response to the question whether the business's primary physical address differs from the return address, as the business's

primary physical address. The Debtor has since advised counsel that this address functions as a mailing address only.

(c) 358 Amboy Street, Second Floor, Brooklyn, New York 11212 — the address appearing on the Debtor's commercial general liability and commercial excess liability declarations, each of which identifies it as the named insured's mailing address, for policy periods running from October 21, 2025 to October 21, 2026. The Debtor has now identified this address to counsel as its business address.

(d) A self-storage facility at which the Debtor's tools and equipment are held. Counsel has not yet confirmed the location of that facility.

3. The Debtor is a New York corporation, incorporated on February 26, 2015.

4. Counsel is in the process of obtaining documentation sufficient to establish where the Debtor's principal place of business and principal assets were located during the period relevant to 28 U.S.C. § 1408, including any lease or occupancy agreement for 358 Amboy Street, the storage facility agreement, and records reflecting where the Debtor's operations were conducted. Until that documentation has been obtained and reviewed, counsel is not in a position to verify the county, and does not wish to place a further unverified entry on the record.

5. Accordingly, the Debtor respectfully requests until August 24, 2026 to file an amended Official Form 201 correcting Item 4. The Debtor will amend promptly upon confirming the underlying facts and will address at that time any consequence the corrected information may have for venue.

6. Counsel spoke by telephone with a member of the Court's staff on August 10, 2026 concerning the procedure for responding to the Notice. That conversation preceded counsel's completed review of the documents described in paragraph 2 above. This letter states the Debtor's position and supersedes any characterization of the Debtor's circumstances offered in that conversation.

7. The Debtor regrets the error in the Petition as filed and the need for this request, and thanks the Court for its attention to the matter.

Respectfully submitted,

**THE LAW OFFICE OF BARRY E. JANAY, P.C.**

Barry Janay (Aug 10, 2026 17:16:26 EDT)

Barry E. Janay, Esq.

NJ Bar No. 216882018

Counsel to the Debtor and Debtor-in-Possession

cc: Office of the United States Trustee