LAW OFFICE OF
BARRY E. JANAY P.C.

September 3, 2026

**VIA CM/ECF**

Honorable Stacey L. Meisel
United States Bankruptcy Judge
United States Bankruptcy Court, District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

**Re: *In re Blue Draft Corporation*, Case No. 26-19010-SLM**

Chapter 11, Subchapter V

**Status Report Regarding Debtor's Addresses and Venue**

Dear Judge Meisel:

This letter is submitted on behalf of Blue Draft Corporation, the debtor and debtor-in-possession (the "Debtor"), pursuant to the Debtor's letter filed August 11, 2026, in which the Debtor advised the Court that it had received additional information concerning its business addresses and requested fourteen days to complete its inquiry and report. That report was due on August 25, 2026, and counsel apologizes to the Court for the delay in its submission. The Debtor submits this report and states its position on venue.

## 1. Corporate Status

The Debtor was incorporated in the State of New York on February 26, 2015, and remains an existing New York corporation. Its federal employer identification number is XX-XXX5373. The Debtor is a construction contractor performing interior renovation and build-out work. During the period relevant to this report, the Debtor performed its work principally as a subcontractor on projects controlled by others.

## 2. The Four Addresses

The Debtor's inquiry establishes the following with respect to each of the four addresses identified in the August 11 letter.

**(a) 19 Rosemont Avenue, Madison, New Jersey.** This is the residence of Wojciech Ostrowski, the Debtor's President. It was entered on the petition as the Debtor's principal place of business in error. The Debtor conducts no operations at this address and it is not a business location.

**(b) 381 Broadwell Avenue, Union, New Jersey.** This is the personal residence of Marcin Bak, the Debtor's Vice President, and has been his residence since approximately 2016. The Debtor maintains no office at this address, stores no property there, and conducts no business operations from the property. The address is used to receive the Debtor's mail. The Debtor pays no rent, utilities, reimbursement, or other consideration for its use.

The Debtor addresses candidly a point raised in its August 11 letter. This address appears on the Debtor's 2023, 2024, and 2025 federal and New York State returns as both the Debtor's mailing address and its business primary physical address. The Debtor is informed by Mr. Bak that the address was entered by the Debtor's accountant for correspondence purposes and was not intended to denote an office or a location at which the Debtor physically conducts operations. The Debtor does not offer that explanation as a justification for the entry, and does not rely on those returns as establishing a principal place of business in this District.

**(c) 358 Amboy Street, Second Floor, Brooklyn, New York.** This address appears as the insured location on the Debtor's commercial general liability and excess liability declarations. The Debtor has requested the lease for this location and its commencement date; as of the date of this letter, they have not been produced. The Debtor will supplement this report promptly upon receipt.

**(d) Self-storage facility.** The Debtor rents a self-storage unit in which its hand tools and equipment, scheduled at $7,360.00, are kept. The Debtor has requested the rental agreement and the facility address; as of the date of this letter, they have not been produced. The Debtor will supplement this report promptly upon receipt.

**3. The Debtor's Operations During the Relevant Period**

The petition was filed on August 7, 2026. The 180-day period preceding the filing began on or about February 8, 2026. As to that period, the Debtor reports the following:

(a) The Debtor's crews report directly to jobsites. The Debtor does not assemble or dispatch its workforce from a fixed location, and the jobsites at which it works are, in the main, projects controlled by general contractors other than the Debtor.

(b) The Debtor's current contract schedule comprises six projects. Five are located in Manhattan. The sixth, at Saint Thomas of Aquin Parish, 53 Kennedy Avenue, Ogdensburg, New Jersey 07439, is the only project the Debtor has performed in New Jersey during 2026.

(c) The Debtor’s payroll is processed by Imperium Group of New York, Inc., 25 Driggs Avenue, Brooklyn, New York 11222, which also prepares the Debtor’s tax returns.

(d) Both of the Debtor’s operating accounts were opened at the Greenpoint, Brooklyn branch of JPMorgan Chase Bank, N.A.

(e) The Debtor has been registered to do business in the State of New Jersey since October 2020 under New Jersey entity number 0101056784.

(f) Both of the Debtor’s principals reside in New Jersey. Mr. Ostrowski resides in Madison, Morris County. Mr. Bak resides in Union, Union County.

**4. The Debtor’s Assets**

The Debtor's assets consist principally of (i) accounts receivable for work performed and billed, (ii) amounts that will become due under the Debtor's ongoing construction contracts as work is completed, (iii) funds on deposit at JPMorgan Chase Bank, N.A., and (iv) the hand tools and equipment described above. The Debtor's schedules as filed do not accurately reflect its accounts receivable, and the Debtor will promptly file amended schedules. The Debtor advises the Court of this now so that the record is not misunderstood in the interim.

**5. Venue**

The Debtor does not contend that the analysis under 28 U.S.C. § 1408(1) is free of doubt, and it will not press an argument the record does not support. The Debtor is domiciled in New York by virtue of its incorporation there. Its principal assets are not located in this District. And on the facts set out above, the Debtor cannot represent to the Court that its principal place of business during the 180 days preceding the petition date was in New Jersey. The address on which the Debtor’s original venue statement rested is the residence of an officer, used to receive mail.

The Debtor accordingly requests that the Court schedule a status conference to address venue and to give the Debtor direction. The Debtor states its position as follows.

First, should the Court determine that venue in this District is not proper, the Debtor requests that the case be transferred to the United States Bankruptcy Court for the Eastern District of New York under 28 U.S.C. § 1412 rather than dismissed. Dismissal would terminate the automatic stay and permit the pending New Jersey litigation to resume against a debtor that is attempting to reorganize; would require a new petition and filing fee; and would not relieve the estate of the administrative expenses already incurred. Transfer preserves both the case and the work performed in it.

Second, the Debtor recognizes that Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure permits the Court, on its own motion or on the timely motion of a party in interest, to dismiss a case filed in an improper district or to transfer it, and that the Rule does not provide for retention of such a case. Venue under 28 U.S.C. § 1408 is not jurisdictional, however, and an objection to venue may be waived. No party in interest has moved to dismiss or transfer this case. Should no timely motion be made, the Debtor respectfully submits that the convenience of the parties and the interest of justice would be served by the case proceeding in this District: both of the Debtor's principals reside in this District; the state court action that precipitated this filing is pending in the Superior Court of New Jersey, Union County; Debtor's counsel and the Subchapter V trustee are both located in this District; and the Debtor has been registered to do business in New Jersey since 2020.

### 6. Administrative Expense

The Debtor notes one practical consideration for the Court's scheduling. A Subchapter V trustee has been engaged and has begun reviewing the case. His compensation is an administrative expense of the estate. Prompt resolution of the venue question, in whichever direction the Court resolves it, limits the cost to the estate of work that may be duplicated upon transfer.

The Debtor is prepared to appear at the Court's convenience and will promptly supplement this report upon receipt of the outstanding documents identified above.

Respectfully submitted,

Barry Janay (Sep 3, 2026 10:32:30 EDT)

Barry E. Janay, Esq.

FOUNDER & PRINCIPAL ATTORNEY

*Counsel to the Debtor and Debtor-in-Possession*

cc: Office of the United States Trustee (Frans Steele, Esq.)

Scott S. Rever, Esq., Subchapter V Trustee, Stevens & Lee

All parties receiving electronic notice