UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

Chapter 11
Case No.: 1:26bk44517

BLUE DRAFT CORPORATION,

Debtor.
-----------------------------------------------------------------X

**APPLICATION SEEKING ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND THE EXAMINATION OF BLUE DRAFT CORPORATION**

TO: BLUE DRAFT CORPORATION
c/o Barry E. Janay, Esq.
The Law Office of Barry E. Janay PC
90 Broad Street, 25th Floor
New York, NY 10004
bjanay@lobej.com

**VOLT ELECTRIC INC.** ("Volt Electric"), creditor of the bankrupt debtors herein ("Creditor"), hereby seeks entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the oral examination of Wojciech Ostrowski ("Mr. Ostrowski") and Marcin Bak ("Mr. Bak"), President and Vice President of BLUE DRAFT CORPORATION ("Debtor"), respectively, and the production of certain records, documents, and electronic files that are in possession, custody or control of Debtor, and respectfully sets forth and represents as follows:

**JURIDICTION AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Relief is sought pursuant to Federal Rule of Bankruptcy Procedure 2004, and this Application is brought by motion in accordance with Federal Rule of Bankruptcy Procedure 9013.

## BACKGROUND

4. Movant is a creditor of the Debtor, holding a claim in the approximate amount of $144,252.00 arising from services rendered.

5. As of the date of this Application, the Debtor's schedules reflect material omissions.

6. Movant requires examination of the Debtor and production of documents to, among other things, investigate the Debtor's assets, liabilities, pre-petition transfers, and business operations, and to evaluate the feasibility of any proposed plan of reorganization.

## LEGAL BASIS

7. This Application is made pursuant to Bankruptcy Rule 2004 for the entry of an Order directing the examination under oath of Debtor, and for the production of records and documents by Debtor, as set forth in the proposed order (the "Proposed Order").

8. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity. . .[as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. . . ." FED. R. BANKR. P. 2004(a), (b); see In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); Martin v. Keybank of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)).

9. The U.S. District Court for the Eastern District of New York describes Bankruptcy Rule 2004 as follows:

> The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate; ascertaining assets; and discovering whether any wrongdoing has occurred. . . . In addition, FRBP 2004 is used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt.

In re Corso, 328 B.R. at 383 (citations omitted); see also In re CENA's Fine Furniture, Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad. . .Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citations omitted)); In re Atlantis B.V., Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); In re Parikh, 397 B.R. 518, 525–26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

10. Here, there are problems with the petition and schedules as filed. For example:

a. Creditor reasonably believes that the schedules and the petition are inaccurate;

b. In Schedule A/B, Part 5, no inventory was listed, like building materials, consumables, tools and equipment, temporary site supplies, and safety gear (PPE);

c. In Schedule A/B, Part 7, no office furniture, fixtures and equipment listed, like desks, chairs, computers, etc.;

d. In Schedule A/B, Part 8, Creditor reasonably believes that the list is incomplete;

e. In Schedule A/B, Part 8, the Debtor does not identify any automobiles, trucks, or other vehicles, despite its construction business, which ordinarily may require vehicles for transportation, equipment hauling, and daily operations. This omission raises questions regarding the completeness of the Debtor's asset disclosures and whether such vehicles are owned, leased, transferred, or otherwise disposed of;

f. In Schedule A/B, Part 10, Debtor fails to identify potentially valuable intangible assets, including licenses, customer lists, and goodwill. These omissions raise questions regarding the completeness and accuracy of the Debtor's disclosures and whether assets of value have been omitted, transferred, or otherwise disposed of;

g. In Schedule A/B, Part 11, it is inconceivable that Debtor listed zero receivables. This raises questions as to whether all outstanding customer balances, unpaid invoices, and other amounts owed to the Debtor have been properly disclosed;

h. In Schedule E/F, question 3.6, Debtor listed the name of the creditor without the address, while in question 3.7, Debtor listed the address of the creditor without its name, preventing notices to be sent by Court;

i. In Schedule G, Debtor does not identify a lease for its business location, despite the apparent use or occupancy of a building for its operations at 358 Amboy St., Brooklyn, NY 11212;

j. In its Statement of Financial Affairs, Part 1, the gross revenue for 2026 is too low compared to 2024 and 2025. If the gross revenue from January to

August 2026 is $728,486.70, the average gross income for the whole year is approximately $1,092,730.50. That is significantly less than 2024 and 2025 which are $1,688,226 and $1,645,059, respectively;

k. In its Statement of Financial Affairs, Part 6, no payment to The Law Office of Barry E. Janay, P.C. is listed, neither is the breakdown for the representation of the bankruptcy case against the civil case filed by Creditor, Volt Electric Inc. v. Blue Draft Corporation, Docket No.: UNN-L-004101-24;

l. In its Statement of Financial Affairs, Part 11, Debtor failed to list the property that the Debtor holds or controls that Debtor does not own;

m. In its Statement of Financial Affairs, Part 13, Debtor failed to provide details on payments, distributions or withdrawals credited or given to insiders; and

n. In Debtor's website, Debtor advertises, "Expert Construction Solutions You Can Trust" and "Reliable construction services for your dream projects," suggesting ongoing or recent business operations. These representations raise questions regarding Debtor's actual operations, customer relationships, revenue, and business assets, particularly considering its bankruptcy disclosures. Production of documents concerning current and recent projects, customer contracts, revenues, and business operations is necessary to verify the completeness and accuracy of those disclosures.

11. Debtor executed its bankruptcy schedules under penalty of perjury, thereby attesting to the truthfulness, accuracy, and completeness of its disclosures. The apparent failure to

disclose potentially valuable intangible assets, accounts receivable, a lease for its business premises, and automobiles, trucks, or other vehicles raises serious concerns regarding the reliability of those sworn representations.

12. The above-mentioned omissions are particularly troubling given the Debtor's construction business and its public representations concerning its construction services. Thus, examination and production of the requested documents are necessary to determine whether the schedules accurately reflect the Debtor's assets, liabilities, and business operations, and whether any assets or financial transactions have been omitted from the disclosures submitted to this Court.

13. The Court's docket on PACER reflects amendments to the Debtor's bankruptcy schedules; however, the corresponding documents appear blank when downloaded. This prevents the Movant from determining the nature and extent of the amendments and whether the previously identified omissions have been corrected. The inability to review the amended disclosures supports the need for examination and document production pursuant to Federal Rule of Bankruptcy Procedure 2004 to verify the accuracy and completeness of the Debtor's disclosures and protect the interests of creditors.

14. Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 2004, the Movant respectfully requests an order authorizing the examination of Mr. Ostrowski and Mr. Bak, and the production of documents concerning its assets, liabilities, business operations, accounts receivable, leases, vehicles, intangible assets, and financial transactions. Such examination and production are necessary to verify the accuracy and completeness of the Debtor's sworn schedules, determine whether assets or transactions have been omitted, and protect the interests of creditors and the proper administration of the bankruptcy estate.

15. Moreover, under 11 U.S.C. § 109(d), only a debtor satisfying the Bankruptcy Code's eligibility requirements may proceed under Chapter 11. Moreover, the filing of a corporate petition must be properly authorized under applicable law and the entity's governing documents.

16. Moreover, Section 1112(b)(1) of the Bankruptcy Code provides that, upon request of a party in interest and after notice and a hearing, the Court shall dismiss a Chapter 11 case or convert it to Chapter 7, whichever is in the best interests of creditors and the estate, if cause exists, subject to the statutory exceptions.

17. As held in C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.), 113 F.3d 1304, 1310, a bankruptcy court may dismiss a bad faith filing on an interested party's motion or sua sponte. Moreover, it was also held in In re D&G Constr. Dean Gonzalez, LLC, 635 B.R. 232, 238 that the Second Circuit has held that a bad faith filing constitutes cause for dismissal or conversion of a chapter 11 case.

18. Here, Debtor's incomplete or potentially inaccurate schedules raise questions concerning its actual assets, liabilities, business activities, and financial condition. The reported absence of accounts receivables, the omission of potentially valuable intangible assets, the absence of disclosed vehicle assets, and the failure to identify a lease for the apparent business premises warrant further inquiry into whether the Debtor's disclosures accurately reflect its financial affairs.

19. If examination and production establish that the Debtor lacks a viable business or realistic prospect of reorganization, has materially failed to disclose its assets or financial affairs, or filed primarily to obstruct creditors rather than pursue a legitimate restructuring, dismissal for cause under § 1112(b) would be warranted.

20. The Movant therefore requests that the Court consider the identified circumstances together with the results of the requested Rule 2004 examination in determining whether cause

exists to dismiss or convert this case. The Movant further requests such other relief as the Court deems appropriate to ensure the accurate disclosure, identification, and administration of estate property.

**RELIEF REQUESTED**

21. Movant respectfully requests that the Court enter an order:

a. Authorizing the examination of Wojciech Ostrowski and Marcin Bak, President and Vice President of Debtor, respectively, on the topics set forth in the proposed order and the attached Schedule A;

b. Directing the Debtor to produce the documents and categories of electronically stored information identified in Schedule A no later than ten days prior to the date of the examination;

c. Directing that the examination be conducted at the offices of MARZEC LAW FIRM, P.C., located at 57 W 57th Street, Suite 809, New York, NY 10019, or at such other time and place as the parties may agree;

d. Authorizing inquiry into the Debtor's eligibility to proceed under Chapter 11, the circumstances and purpose of the bankruptcy filing, the Debtor's actual business operations, the existence and disposition of its assets, and whether the petition was filed in good faith and for a legitimate reorganization purpose;

e. Upon a finding, after appropriate notice and opportunity to be heard, that cause exists under 11 U.S.C. § 1112(b), including a bad-faith filing or the absence of a legitimate reorganization purpose, dismissing the Chapter 11

case or granting such other relief as the Court deems appropriate under the Bankruptcy Code; and

f. Granting such other and further relief as the Court deems just and proper.

Dated: October 29, 2026
New York, NY

Respectfully submitted,

*By:* */s/ Darius A. Marzec*

Darius A. Marzec, Esq.
Marzec Law Firm, P.C.
*Counsel for Creditor,*
*VOLT ELECTRIC INC.*
57 W 57th Street, Suite 809
New York, NY10019
Telephone: (212) 267-0200
Facsimile: (718) 841-7508
Email: dmarzec@marzeclaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:

Chapter 11
Case No.: 1:26bk44517

BLUE DRAFT CORPORATION,

Debtor.

------------------------------------------------------------------X

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND THE ORAL EXAMINATION OF, BLUE DRAFT CORPORATION**

Upon the application (the "Application") of VOLT ELECTRIC INC. ("Volt Electric"), creditor of the bankrupt debtors herein ("Creditor"), by its counsel, Marzec Law Firm, P.C. ("Marzec Law Firm"), seeking an entry of an Order, pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the oral examination of, and production of certain records, documents, and electronic files that are in possession, custody or control of BLUE DRAFT CORPORATION ("Debtor"); and good and sufficient cause appearing therefore; and no additional or further notice being required, it is hereby

**ORDERED,** that, under Bankruptcy Rule 2004, the Application is approved as set forth in this Order; and, it is further

**ORDERED,** that pursuant to Bankruptcy Rule 9016, the attorneys of Marzec Law Firm, P.C., as officers of the Court, are authorized and directed to issue a subpoena and document request (the "Subpoena") authorizing and directing the examination of Wojciech Ostrowski and Marcin Bak, President and Vice President of Debtor, respectively, and directing the production of documents as set forth in this Order in accordance with Rule 45 of the Federal Rules of Civil Procedure; and, it is further

**ORDERED,** that Wojciech Ostrowski and Marcin Bak, President and Vice President of Debtor, respectively, are directed to appear at an examination, under oath, under Bankruptcy Rule 2004 and in accordance with the Subpoena to be duly served pursuant to this Order; and, it is further

**ORDERED,** that BLUE DRAFT CORPORATION is directed to produce for examination and inspection, on not less than twenty (20) days' notice, to Marzec Law Firm, P.C., 57 W 57th Street, Suite 809, New York, NY 10019, all documents and electronic files listed on **Exhibit A** that are in BLUE DRAFT CORPORATION's possession, custody or control; and it is further

**ORDERED**, that twenty (20) days' notice for the production of documents shall be deemed good and sufficient notice for the production of documents; and, it is further

**ORDERED** that Wojciech Ostrowski and Marcin Bak, President and Vice President of Debtor, respectively, be examined under Rule 2004, on a date no less than five (5) days after service of this Order and the annexed subpoena, on a business day selected by Darius A. Marzec, Esq., or as otherwise agreed, on 10:00 a.m. on that day, at the offices of Marzec Law Firm, P.C., 57 W 57th Street, Suite 809, New York, NY 10019, with respect to the conduct, acts, and property of the Debtor, as identified in the proposed subpoena annexed hereto, and it is further

**ORDERED**, that service of a copy of this Order and a subpoena by first class mail upon BLUE DRAFT CORPORATION, c/o Barry E. Janay, Esq., at The Law Office of Barry E. Janay PC, 90 Broad Street, 25th Floor, New York, NY 10004 at least thirty (30) days prior to the date set for the deposition be deemed good and sufficient notice and service of this Order and the subpoena; and, it is further

**ORDERED**, that the examination shall continue from day to day until it is completed; and it is further

**ORDERED**, that the examination authorized herein may include inquiry into the Debtor's eligibility to proceed under Chapter 11, the circumstances and purpose of the bankruptcy filing, the Debtor's actual business operations, financial condition, assets and liabilities, and whether the Debtor filed its petition in good faith and for a legitimate reorganization purpose; and it is further

**ORDERED**, that Movant's request for dismissal of the Chapter 11 case, if pursued, shall be determined upon a properly noticed motion and an appropriate evidentiary record, pursuant to 11 U.S.C. § 1112(b), and nothing herein shall constitute a determination that cause for dismissal has been established.

Dated: _______________, 2026
Brooklyn, New York

_______________________________
Honorable Jil Mazer-Marino
**UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

BLUE DRAFT CORPORATION,

Debtor.

-----------------------------------------------------------------X

Chapter 11
Case No.: 1:26bk44517

**AFFIRMATION OF SERVICE**

Darius A. Marzec, Esq., of Marzec Law Firm, P.C., the attorney of the moving Creditor VOLT ELECTRIC INC. herein, under the penalty of perjury, affirms as follows:

1. I am the principal of Marzec Law Firm, P.C.

2. On October 29, 2026, I personally served the APPLICATION SEEKING ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND THE EXAMINATION OF BLUE DRAFT CORPORATION, PROPOSED ORDER, with SUPPORTING EXHIBITS via ECF and First-Class Mail to:

BLUE DRAFT CORPORATION
c/o Barry E. Janay, Esq.
The Law Office of Barry E. Janay PC
90 Broad Street, 25th Floor
New York, NY 10004
bjanay@lobej.com

Constantine D Pourakis
Stevens & Lee, P.C.
485dison Avenue
486New York, NY 10022
cp@stevenslee.com

Gerard R Luckman, Esq.
Subchapter V Trustee
Forcelli Deegan Terrana, LLP
333 Earle Ovington Blvd., Suite 1010
Uniondale, NY 11553

United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
(212) 510-0500

Dated: October 29, 2026
New York, NY

Respectfully submitted,

*By:* */s/ Darius A. Marzec*

Darius A. Marzec, Esq.
Marzec Law Firm, P.C.
*Counsel for Creditor,*
*VOLT ELECTRIC INC.*
57 W 57th Street, Suite 809
New York, NY10019
Telephone: (212) 267-0200
Facsimile: (718) 841-7508
Email: dmarzec@marzeclaw.com

**Schedule A — Topics for Examination and Document Requests**

**Part I: Topics for Examination**

The examination of the Debtor shall cover the following subjects:

1. The Debtor's assets, including real property, personal property, accounts receivable, intellectual property, and any other interests as of the petition date and the present.
2. The Debtor's liabilities and financial condition, including secured and unsecured obligations.
3. The Debtor's books, records, and financial statements for the three years preceding the petition date.
4. The Debtor's business location, occupancy, and leasehold interests.
5. The Debtor's ownership, possession, leasing, and use of vehicles and construction equipment.
6. The existence, ownership, and value of the Debtor's licenses, permits, customer lists, goodwill, trade names, and other intangible assets.
7. The basis for reporting zero accounts receivable.
8. The Debtor's actual business operations before and after the Chapter 11 filing.
9. The accuracy of the reported assets, receivables, and liabilities.
10. Transfers of funds to owners, officers, affiliates, or related entities.
11. Any sale, transfer, assignment, or disposition of the Debtor's assets before or after the petition date.
12. The source of any funds to be used to consummate a plan of reorganization.
13. Any pending or contemplated litigation involving the Debtor.
14. The preparation, review, and verification of the Debtor's bankruptcy petition, schedules, and statement of financial affairs.
15. The identity of the persons who supplied, reviewed, and verified the information.
16. The completeness and accuracy of its bankruptcy disclosures.
17. The Debtor's current operations and ability to formulate and implement a Chapter 11 plan.

**Part II: Document Requests**

The Debtor shall produce the following documents and categories of documents no later than ten days prior to the examination:

1. Federal and state income tax returns for the three fiscal years preceding the petition date.
2. Audited and unaudited financial statements, balance sheets, profit and loss statements, and cash flow statements for the three years preceding the petition date.
3. Bank account statements for all accounts held in the Debtor's name or on the Debtor's behalf for the three-year period preceding the petition date.
4. Corporate formation documents, bylaws, operating agreements, and governance records.

5. All communications between the Debtor and any secured creditor, lender, or investor regarding restructuring, refinancing, or the Chapter 11 filing.
6. All loan agreements, security agreements, mortgages, deeds of trust, and related financing documents to which the Debtor is a party.
7. All leases, rental agreements, amendments, renewals, and occupancy agreements concerning the Debtor's business premises.
8. All titles, registrations, purchase agreements, bills of sale, and lease agreements for automobiles, trucks, vans, trailers, and other vehicles owned, leased, or used by the Debtor.
9. All records identifying construction machinery, tools, heavy equipment, and other business equipment owned, leased, or possessed by the Debtor.
10. All business licenses, construction licenses, permits, certifications, and registrations held or used by the Debtor.
11. All customer lists, customer databases, customer contracts, and records of customer relationships.
12. All accounts receivable ledgers, aging reports, unpaid invoices, billing records, and statements of outstanding customer balances.
13. All construction invoices, payment applications, change orders, and records of amounts owed by customers, contractors, and other parties.
14. All construction contracts, subcontract agreements, bids, proposals, purchase orders, and customer agreements.
15. All records identifying ongoing, completed, suspended, and pending projects.
16. All bank statements, deposit records, canceled checks, wire transfer records, and account-opening or closing documents for accounts held or controlled by the Debtor.
17. All general ledgers, trial balances, balance sheets, profit-and-loss statements, and financial statements.
18. All monthly operating reports filed or required to be filed in the Chapter 11 case, with supporting financial records.
19. All documents concerning transfers of funds to or from the Debtor's owners, officers, affiliates, related entities, or insiders.
20. All documents concerning the sale, transfer, assignment, gift, abandonment, or other disposition of any material asset during the relevant period.
21. All documents and financial records relied upon to prepare the bankruptcy petition, schedules, statement of financial affairs, and amendments.
22. All communications concerning the identification, valuation, or disclosure of assets, receivables, leases, vehicles, licenses, and business operations.
23. All records supporting the Debtor's reported asset values and representation that accounts receivable are zero.
24. All documents identifying the persons who prepared, reviewed, and verified the schedules.

25. All current asset inventories, financial statements, and records identifying the Debtor's property and liabilities not otherwise covered above.
26. All documents concerning the Debtor's current business operations, sources of revenue, material obligations, and ability to continue operating.
27. All documents supporting the Debtor's valuation of its assets and its ability to satisfy obligations under a proposed Chapter 11 plan.
28. All documents relating to all of Debtor's transactions with VOLT ELECTRIC INC.